KATHLEEN BLISS, ESQ.
Nevada Bar No. 7606
kb@kathleenblisslaw.com
KATHLEEN BLISS LAW PLLC
1070 West Horizon Ridge Parkway., Suite 202
Henderson, Nevada 89012
Telephone: 702.463.9074

*Attorney for Jabari Marshall*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JABARI MARSHALL,<br><br>Defendant. | CASE NO. 2:19-cr-00113-JCM-BNW<br><br>**STIPULATION TO SUPPLEMENT PLEA HEARING RECORD** |

IT IS HEREBY STIPULATED by and between Kathleen Bliss, Esq., counsel for Defendant Jabari Marshall, and Eric Schmale, Assistant United States Attorney, that the plea hearing on May 7, 2021, in which Defendant Jabari Marshall waived his personal appearance and attended by video conference, should be supplemented with a findings consistent with the provisions of the CARES Act:

1. On March 30, 2020, Chief Judge Du issued General Order 2020-05, authorizing the use of video and telephone conferencing under the CARES Act. *See* Temporary General Order 2020-05; *see also* Order Extending Temporary General Order 2020-05.

2. Pursuant to that Order, "If a judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious

harm to the interests of justice," the judge may, with the consent of the defendant, use video conferencing for felony plea hearings.  Temporary General Order 2020-05.

3. On April 22, 2021, this Court ordered defendant Marshall's change of plea hearing by video conference on May 7, 2021. In its minute order, ECF No. 44, the Court further ordered: "[I]n accordance with the CARES Act and Temporary General Order 2020-05, defense counsel shall explain why this hearing cannot be further delayed without serious harm to the interests of justice."

4. While the record reflects that defendant Marshall consented to the change of plea by video conference on May 7, 2021 (*see* ECF No. 47), the record from the hearing may not fully reflect the reasons that the hearing could not be further delayed without serious harm to the interests of justice, in accordance with the CARES Act and this Court's order.

5. Accordingly, the parties now request that this Court enter an order supplementing the record for the May 7, 2021, change of plea hearing for defendant Marshall. Specifically, the parties stipulate that the hearing could not be further delayed without serious harm to the interests of justice.  In particular, the parties stipulate, and request that this Court find:

(1) Defendant Marshall signed a waiver to proceed by video conference for the reasons that he desired a speeding resolution of his case, consistent with the provisions of Fed. R. Crim. P.32(b)(1), that courts should "impose sentence without unnecessary delay."

(2) The interests of justice favor resolution of Defendant Marshall's case simultaneously with that of his co-defendant, Jalen Tony Henry.

(3) Defendant Marshall does not want to endure the extreme hardship of a

mandatory quarantine as required by U.S. Marshal protocol when a defendant is transported from pretrial detention to and from court, especially when his personal appearance can be waived as he has chosen to do so here.

(4) Defendant Marshall has risk factors, including an elevated Body Mass Index (BMI), which cause him not to want possible COVID-19 or variant exposure from transport.

Respectfully submitted this 13th day of May 2021.

| | |
|---|---|
| /s/ Eric Schmale | /s/Kathleen Bliss |
| ERIC SCHMALE, ESQ. | KATHLEEN BLISS ESQ. |
| Assistant U.S. Attorney | Counsel for Jabari Marshall |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JABARI MARSHALL,<br><br>Defendant. | CASE NO. 2:19-cr-00113-JCM-BNW<br><br>**FINDINGS OF FACT AND ORDER SUPPLEMENTING PLEA HEARING RECORD** |

The Court, having reviewed the stipulation of the parties and for good cause showing hereby ORDERS that the plea hearing record held on May 7, 2021, for defendant Jabari Marshall shall be supplemented with the following findings of fact demonstrating that the felony plea hearing in this case cannot be further delayed without serious harm to the interests of justice. The Court thus FINDS:

(1) Defendant Marshall signed a waiver to proceed by video conference, which was filed on May 7, 2021, at the time of the hearing. ECF No. 47.

(2) As stipulated by the parties, Defendant Marshall signed a waiver to proceed with his plea hearing by video conference because he wanted a speeding resolution of his case, consistent with the provisions of Fed. R. Crim. P.32(b)(1), that courts should "impose sentence without unnecessary delay.

(3) The interests of justice favor resolution of Defendant Marshall's case simultaneously with that of his co-defendant, Jalen Tony Henry.

(4) Defendant Marshall does not want to endure the extreme hardship of a mandatory quarantine as required by U.S. Marshal protocol when a defendant is transported from pretrial detention to and from court, especially when his personal appearance can be waived as he has

KATHLEEN BLISS LAW PLLC
1070 W. HORIZON RIDGE PKWY., SUITE 202
HENDERSON NEVADA 89012
TEL – 702.463.9074

chosen to do so here.

(5) Defendant Marshall has risk factors, including an elevated Body Mass Index (BMI), which cause him not to want possible COVID-19 or variant exposure from transport.

(6) In accordance with these findings, the May 7, 2021, change of plea hearing for defendant Jabari Marshall could not be further delayed without serious harm to the interests of justice.

DATED: May 17, 2021

_____
THE HONORABLE JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE